# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESROY E. BROWNE, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST; and JOHN DOES 1 to 15,<br><br>Defendants. | Civ. No. 21-cv-11871<br><br>**NOTICE OF REMOVAL** |

**TO:** THE CLERK OF COURT;

**AND TO:** PLAINTIFF, NAMED ABOVE, AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE THAT** National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-4 (collectively, "the NCSLT 2003-2007 Trusts") hereby remove to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for their removal state as follows:

## I.  STATEMENT OF THE CASE

1. On April 21, 2021, plaintiff, Lesroy E. Browne, filed a complaint (the "Complaint") in the Superior Court of New Jersey, Law Division: Hudson County entitled *Lesroy E. Browne, on behalf of himself and those similarly situated v. National Collegiate Student Loan Trust; and John Does 1-15*, Docket No. HUD-L-1598-21 (the "State Court Action"). A copy of the Summons, Complaint, and Civil Case Information Statement is attached as Exhibit A hereto ("Ex A.").

2. Though the Complaint does not name the NCSLT 2003-2007 Trusts, relevant certificates of service state that service of the Complaint was directed at the NCSLT 2003-2007 Trusts on or about April 27, 2021.[1]

3. The Complaint purports to assert three causes of action, including: 1) Declaratory Judgment and Injunctive Relief; 2) violation of New Jersey's Consumer Fraud Act; and 3) Unjust Enrichment. *See* Ex. A, ¶¶ 51-81.

4. Plaintiff purports to bring each of his claims on behalf of himself as well as a putative class. *See, e.g.*, Ex. A, ¶ 36.

5. Plaintiff seeks various relief for himself and on behalf of the putative class, including:

   a. A declaration that all of the loans attributable to New Jersey residents and held by the NCSLT 2003-2007 Trusts are void by operation of N.J.S.A. 17:11C-33(b). *See* Ex. A, First Count;

   b. A declaration that judgments obtained by the NCSLT 2003-2007 Trusts against New Jersey residents are unenforceable. *See* Ex. A, First Count;

---

[1] The Complaint identifies unknown entity "National Collegiate Student Loan Trust" as the sole defendant.

    c.    An injunction against the NCSLT 2003-2007 Trusts prohibiting them from collecting on New Jersey consumers' accounts. *See* Ex. A, First Count;

    d.    A refund of all monies collected by the NCSLT 2003-2007 Trusts on loans owed by New Jersey consumers. *See* Ex. A, Second Count;

    e.    Damages amounting to treble the amounts collected by the NCSLT 2003-2007 Trusts on loans owed by New Jersey consumers. *See* Ex. A, Second Count; and

    f.    Disgorgement of any benefits or profits obtained by the NCSLT 2003-2007 Trusts as a result of their collecting on loans owed by New Jersey consumers. *See* Ex. A, Third Count.

## II. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there exists minimum diversity between the parties; (2) the number of putative class members exceeds 100; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

7. Minimum diversity pursuant to CAFA exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

8. Plaintiff alleges he is a citizen of the State of New Jersey. *See* Ex. A, ¶ 9.

9. Plaintiff alleges that the class and sub-class are comprised solely of New Jersey citizens. *See* Ex. A, ¶ 3.

10. Plaintiff alleges that the NCSLT 2003-2007 Trusts are not citizens of New Jersey because they are non-New Jersey, foreign statutory trusts and the only entities to which the respective Trusts have issued Trust Certificates pursuant to their respective Trust Agreements are not citizens of New Jersey either. *See* Ex. A, ¶¶ 10-11.

11. Therefore, the minimum diversity requirement of CAFA is satisfied.

12. Plaintiff defines the putative class as:

> Class: All natural persons with addresses in the State of New Jersey who are listed as the borrower or purchaser in any account allegedly assigned to Defendant NCSLT, or any of its servicers, collectors, sister, affiliated or parent entities.
>
>> Subclass: All members of the Class who paid any money or from whom Defendant NCSLT, or any of its or any of its servicers, collectors, sister or parent entities, directly or indirectly through any agents or contractors, collected any money on the allegedly assigned account.

*See* Ex. A, ¶ 37.

13. Thus, the putative class includes all borrowers with a New Jersey address who had a loan held by the NCSLT 2003-2007 Trusts.

14. The Prospectus Supplements for each of the NCSLT 2003-2007 Trusts,[2] which are on file with the U.S. Securities and Exchange Commission and publicly available through the SEC's Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR"), set forth the composition of the student loans deposited into each one of those Trusts. The Prospectus Supplements set forth the number and aggregate amount of all loans deposited into the NCSLT 2003-2007 Trusts that were issued to New Jersey borrowers. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir.2002) (holding that district court may take judicial notice of public disclosure documents filed with the SEC).

15. The amounts of loans owed by New Jersey borrowers in the NCSLT 2003-2007 Trusts are as follows:

---

[2] National Collegiate Student Loan Trust 2003-1 is not included in this list because that prospectus is not available on EDGAR. However, the number of loans and amounts of the loans in the remaining NCSLT 2003-2007 Trusts more than satisfy the jurisdictional requirements of CAFA.

4

a. The 2004-1 Trust shows 963 loans to New Jersey residents with an outstanding aggregate balance of $11,327,981. *See* https://www.sec.gov/Archives/edgar/data/1290641/000112528204002632/b332019_424b5.txt (last visited May 27, 2021).

b. The 2004-2 Trust shows 1,269 loans to New Jersey residents with an outstanding aggregate balance of $16,896,701. *See* https://www.sec.gov/Archives/edgar/data/1305287/000112528204005265/b401322_424b5.txt (last visited May 27, 2021).

c. The 2005-1 Trust shows 850 loans to New Jersey residents with an outstanding aggregate balance of $10,789,967. *See* https://www.sec.gov/Archives/edgar/data/1317703/000095011605000694/b404282_424b5.txt (last visited May 27, 2021).

d. The 2005-2 Trust shows 542 loans to New Jersey residents with an outstanding aggregate balance of $6,797,394. *See* https://www.sec.gov/Archives/edgar/data/1327893/000095011605002101/b406868_424b5.txt (last visited May 27, 2021).

e. The 2005-3 Trust shows 1,773 loans to New Jersey residents with an outstanding aggregate balance of $24,165,280. *See* https://www.sec.gov/Archives/edgar/data/1338373/000112528205005228/b408670_424b5.txt (last visited May 27, 2021).

f. The 2006-1 Trust shows 967 loans to New Jersey residents with an outstanding aggregate balance of $13,020,610. *See* https://www.sec.gov/Archives/edgar/data/1352760/000095011606000714/b412004_424b5.txt (last visited May 27, 2021).

g. The 2006-2 Trust shows 586 loans to New Jersey residents with an outstanding aggregate balance of $7,404,639. *See* https://www.sec.gov/Archives/edgar/data/1363799/000112528206003266/b413579_424b5.txt (last visited May 27, 2021).

h. The 2006-3 Trust shows 2,575 loans to New Jersey residents with an outstanding aggregate balance of $39,399,536. *See* https://www.sec.gov/Archives/edgar/data/1374067/000112528206005971/b414977_424b5.txt (last visited May 27, 2021).

i. The 2006-4 Trust shows 914 loans to New Jersey residents with an outstanding aggregate balance of $13,423,527. *See* https://www.sec.gov/Archives/edgar/data/1380108/000112528206007609/b415971_424b5.txt (last visited May 27, 2021).

    j.    The 2007-1 Trust shows 1,612 loans to New Jersey residents with an outstanding aggregate balance of $21,625,256. *See* https://www.sec.gov/Archives/edgar/data/1223029/000089968107000201/national-424b5_030207.htm (last visited May 27, 2021).

    k.    The 2007-2 Trust shows 1,125 loans to New Jersey residents with an outstanding aggregate balance of $15,175,393. *See* https://www.sec.gov/Archives/edgar/data/1223029/000089968107000462/ncslt20072-ps_061207.htm (last visited May 27, 2021).

    l.    The 2007-3 Trust shows 1,954 loans to New Jersey residents with an outstanding aggregate balance of $31,871,980. *See* https://www.sec.gov/Archives/edgar/data/1223029/000110465907069961/a07-23573_18424b5.htm (last visited May 27, 2021).

    m.    The 2007-4 Trust shows 1,918 loans to New Jersey residents with an outstanding aggregate balance of $31,451,536. *See* https://www.sec.gov/Archives/edgar/data/1223029/000110465907069964/a07-23573_19424b5.htm (last visited May 27, 2021).

16.    The total combined number of New Jersey loans deposited into the NCSLT 2003-2007 Trusts is 17,048. *See* ¶ 15 *supra.*

17.    Accordingly, plaintiff alleges a putative class with members exceeding 100. *See* 28 U.S.C. § 1332(d)(5)(B).

18.    Additionally, Plaintiff alleges:

    a.    That all of the loans held by the NCSLT 2003-2007 Trusts are void by operation of N.J.S.A. 17:11C-33(b). *See* Ex. A, ¶¶ 1, 3, 33, 61, 64, 66, 73;

    b.    That judgments obtained by the NCSLT 2003-2007 Trusts are unenforceable. *See* Ex. A, ¶¶ 1, 3-4, 55, 65-66;

    c.    That the NCSLT 2003-2007 Trusts should be enjoined from collecting on New Jersey consumers' accounts in the future. *See* Ex. A, ¶¶ 3, 66;

    d.    That the NCSLT 2003-2007 Trusts must refund all monies collected to date on loans owed by New Jersey consumers. *See* Ex. A, ¶ 73;

19.  As shown above, more than $243,349,800 in loans owed by New Jersey residents was deposited into the NCSLT 2003-2007 Trusts. *See* ¶ 15 *supra.*

20.  Plaintiff has placed into controversy the entire amounts of the loans owed by New Jersey residents – the amounts that have been collected and the amounts that will be collected – that were deposited into the NCSLT 2003-2007 Trusts.

21.  Accordingly, the amount in controversy exceeds $5,000.000. *See* 28 U.S.C. § 1332(d)(6).

22.  Thus, minimum diversity exists between the parties, the membership of the putative class exceeds 100, and the amount in controversy exceeds $5,000,000; therefore, this Court has jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d).

23.  Additionally, none of the exceptions enumerated in CAFA apply here.

### III. PROCEDURAL REQUIREMENTS

24.  Because the State Court Action was purportedly served on April 27, 2021, this Notice of Removal is timely filed pursuant to 28 U.S.C. 1446(b).

25.  A copy of this Notice of Removal is being served upon plaintiff and will be filed in the State Court Action.

26.  The State Court Action is located within the District of New Jersey. Therefore, venue for purposes of removal is proper because the United States District Court for the District of New Jersey embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a).

27.  Removal of the State Court Action is therefore proper under 28 U.S.C. §§ 1441 and 1446.

## IV. CONCLUSION

28. By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions, and/or pleas.

Dated: May 27, 2021

> By: */s/ Christopher B. Fontenelli*
> Christopher B. Fontenelli
> Gregory T. Casamento *(pro hac vice forthcoming)*
> R. James DeRose, III *(pro hac vice forthcoming)*
> Locke Lord LLP
> Brookfield Place
> 200 Vesey Street, 20th Floor
> New York, NY 10281
> T: 212-912-2730
> Email: cfontenelli@lockelord.com
> Email: gcasamento@lockelord.com
> Email: rderose@lockelord.com
>
> J. Matthew Goodin *(pro hac vice forthcoming)*
> 111 South Wacker Drive
> Suite 4100
> Chicago, IL 60606
> T: (312) 443-0700
> Email: jmgoodin@lockelord.com
>
> *Counsel for National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-4*