UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**LESROY E. BROWNE, on behalf of himself and those similarly situated,**

    Plaintiff,

    v.

**NATIONAL COLLEGIATE STUDENT LOAN TRUST; and JOHN DOES 1 to 15,**

    Defendants.

Civ. No. 21-11871 (KM) (JSA)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    In 2007, Lesroy E. Browne cosigned a student loan from JP Morgan Chase. That loan was paid in full in 2020. At some point before the loan was repaid, it was transferred from the originator to a trust. Browne now brings a putative class action against National Collegiate Student Loan Trust ("NCSLT"). He seeks a declaration that the Trust to which his loan was assigned was not licensed to collect debts in New Jersey and thus that his loan payments for several years should be refunded, and treble damages paid. Defendants now move to dismiss Browne's claims, arguing that he lacks standing and fails to state a claim upon which relief may be granted. For the following reasons, defendants' motion to dismiss is **GRANTED**.

**I.    BACKGROUND**

    In 2007, Lesroy E. Browne cosigned the student loan of Evandey Browne. (Compl. ¶ 23.)[1] That loan was issued by JP Morgan Chase Bank. (*Id.*) At some

---

[1]    Certain citations to the record are abbreviated as follows:

    DE = docket entry number in this case

    Compl. = Complaint (DE 1-1)

    Mot. = Defendants' brief in support of their motion to dismiss (DE 16)

point around 2017, the loan was assigned to a National Collegiate Student Loan Trust (NCSLT 2007-1). Upon being informed of the assignment, Browne duly continued to make payments to the Trust until the loan was paid in full in 2020. (*Id.* ¶ 25–26.) NCSLT, named as a defendant, is portrayed as some sort of umbrella organization; plaintiff served process on 16 different individual Trusts thereunder. (DE 1-1 at 20–40.) Defendants claim that the Trusts are "Delaware statutory trusts formed for the narrow purpose of acquiring and servicing student loans and issuing notes pursuant to an indenture" and that they do not do any business themselves, but act only through limited agents and contractors. (Mot. at 4.) The various Trusts are named after the year that they were formed; thus, for example, Browne made loan payments to NCSLT 2007-1, formed in 2007. (*Id.* at 5.) The Trusts are not licensed under New Jersey's Consumer Finance Licensing Act ("CFLA"). (Compl. ¶ 1.)

The complaint contains three interrelated Counts. First, plaintiff seeks a declaratory judgment that defendants violated the CFLA by collecting debts in New Jersey without a license. (Compl. ¶ 51–56.) Then, based on the premise that the Trusts were subject to licensure requirements, Count 2 alleges that the Trusts violated the CFA by collecting debts without being properly licensed. (*Id.* ¶ 67–73.) Finally, Count 3 alleges that the Trusts were unjustly enriched by the payments of Browne (and other putative class members), and must disgorge those payments. (*Id.* ¶ 74–81.)

Plaintiff filed this putative class action in New Jersey Superior Court, Law Division, Hudson County, on April 21, 2021. (Compl.) On May 27, 2021, defendants removed the case to this court. (DE 1.) On July 30, 2021, defendants moved jointly to dismiss. (DE 14, 16.) Plaintiff filed a brief in opposition (DE 25) and defendants filed a reply (DE 29). This motion is now fully briefed and ripe for decision.

---

Opp. = Plaintiff's brief in opposition to the motion to dismiss (DE 25)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations, but it must assert "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). A motion to dismiss for lack of standing, properly considered as one under Rule 12(b)(1), may be brought, like the one here, as a facial challenge. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein, construed in the light most favorable to the plaintiff, as on a Rule 12(b)(6) motion. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## III.    DISCUSSION

### a. Standing

Article III of the Constitution requires that a plaintiff have standing to assert his or her claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To prove standing, a plaintiff must establish

> (1) an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection

> between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Winer Family Tr. v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007) (citing *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 290-91 (3d Cir. 2005)); *see Lujan*, 504 U.S. at 560–61. In *Lujan*, the Court stated that to suffer an "injury-in-fact" a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted).

In two recent cases, the Supreme Court discussed the concrete-injury requirement. First, in *Spokeo Inc. v. Robins*, the Court held that the plaintiff had not suffered a concrete injury under the Fair Credit Reporting Act when Spokeo, a credit reporting service, reported false information about Robins. 578 U.S. 330, 333 (2016). The Court allowed that "concrete" is not the same as "tangible," and that Congress has the power to "identify[] and elevat[e] intangible harms" to *de facto* injuries that provide standing. *Id.* at 341. The Court held, however, that "Article III standing requires a concrete injury even in the context of a statutory violation." For that reason, "Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."[2] *Id.*

This year, in *TransUnion LLC v. Ramirez*, another case based on the Fair Credit Reporting Act, the Court distinguished between (a) a bare claim that a credit report was inaccurate and (b) a claim that an inaccurate report had been transmitted to third parties. Only (b), the Court held, gave rise to a claim of concrete harm sufficient to confer standing. 141 S. Ct. 2190, 2200 (2021). The

---

[2]   The Court in *Spokeo* did note that a risk of concrete harm may be enough to confer standing, but that not all inaccuracies present a material risk of harm. The Court gave in dictum the example of an incorrect zip code as something that could not cause any risk of harm. *Id.* at 342. Someone's zip code might, however, suggest their economic status, and could realistically create the risk of a loan denial. *See id.* at 353 (Ginsburg, J., dissenting).

4

Court reiterated that though "Congress may 'elevate' harms that 'exist' in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *Id.* at 2204 (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018)). The Court went on to state "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205 (emphasis in original). As the Court repeated, "No concrete harm, no standing." *Id.* at 2200, 2214. Simple enough to say, though perhaps not always so easy to apply.

Here, Browne claims that as soon as his loan was assigned to NCSLT 2007-1, "the credit accounts became void and unenforceable," because NCSLT 2007-1 was not licensed under the CFLA. (Compl. ¶ 1, 33.) Browne seeks a declaratory judgment that NCSLT 2007-1 was required to be licensed under the CFLA. (*Id.* ¶ 51–66.) Because NCSLT 2007-1 lacked a license, plaintiff argues, the Trust's continued attempts to collect on the loan by, *e.g.,* directing Browne to pay NCSLT 2007-1 rather than JP Morgan Chase, were illegal and constituted "unconscionable commercial practices" under the New Jersey Consumer Fraud Act ("CFA"). It also follows, he argues, that NCSLT 2007-1 was unjustly enriched by the loan payments he made. (*Id.* ¶ 60, 72, 78.)

Standing is lacking. Browne has not alleged that he suffered any concrete harm, or any risk of concrete harm.[3] All he has alleged is that at some point while paying back the student loan, he began to pay NCSLT 2007-1 rather than JP Morgan Chase.[4] He does not allege that this change caused him

---

3    I also find that the CFLA does not provide for a private right of action, as discussed below.

4    The parties argue over who the proper defendants are because the named defendant "National Collegiate Student Loan Trust" does not exist. (Mot. at 3–4; Opp. at 23–24.) I do not hold plaintiff's confusion against him, as the structure of the trusts is certainly opaque, and I will construe the case as being brought against the 16 individual trusts, who were individually served. Assuming that the trusts are independent legal entities, Browne can only bring his own claim against the specific

5

to pay a single penny more than he would otherwise have paid, or that it delayed his repayment of the loan, or that it harmed his credit rating, or that it even caused him distress, confusion, or wasted time. If JP Morgan Chase had kept the loan on its own books until it was paid off, plaintiff would have paid back the exact same amount of money and finished paying off the loan at the exact same time, and he would occupy the very same status with respect to the loan that he occupies today. NCSLT 2007-1's non-licensure, in this context, is exactly the type of "bare procedural violation" that does not confer standing without evidence of concrete harm. *Spokeo*, 578 U.S. at 341. Because Browne has not suffered any concrete harm, this case cannot proceed in federal court and must be dismissed on jurisdictional grounds for lack of standing.

### b. CFLA

In the alternative, however, and because the standing-based dismissal is without prejudice to amendment, I briefly discuss some aspects of the merits for the guidance of the parties.

Browne asserts that there is conflicting authority on whether the CFLA provides a private right of action.[5] Defendants cite three cases from this district asserting that the CFLA does not confer a private right of action. (Mot. at 9 (citing *MacDonald v. CashCall, Inc*, 2017 WL 1536427, at *11 (D.N.J. Apr. 28, 2017), *aff'd*, 883 F.3d 220 (3d Cir. 2018); *Jubelt v. United N. Bankers, Ltd.*, 2015 WL 3970227, at *14 (D.N.J. June 30, 2015); *Veras v. LVNV Funding, LLC*, 2014 WL 1050512, at *8 (D.N.J. Mar. 17, 2014)).) *See also North v. Portfolio Recover Associates, LLC*, 2021 WL 4398650, at *3 (D.N.J. Sept. 24, 2021). Like the other judges who have examined this question, I find convincing Judge

---

trust that held his loan. He would have no standing to sue or cause of action against the other trusts, with which he did not interact in any manner.

5     If not, then Browne is not entitled to a declaratory judgment: "[I]t is well settled that parties cannot bring a declaratory judgment action under a statute when there is no private right of action under that statute." *Excel Pharmacy Servs., LLC v. Liberty Mut. Ins. Co.*, 825 F. App'x 65, 70 (3d Cir. 2020).

Kugler's thorough analysis in *Veras* of why a private right of action should not be implied in the CFLA. 2014 WL 1050512 at *7–*9.

Because I hold that the CFLA does not confer a private right of action, the first Count for a declaratory judgment under the CFLA, even if standing could be found, would not state a claim.[6] The merits of the entire case depend on whether Browne can prevail on Count 1—*i.e.,* obtain a declaratory judgment holding that NCSLT 2007-1 violated the CFLA by virtue of its failure to be licensed. The merits of the other two Counts would stand, or in this case fall, with those of Count 1.

## IV.   CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (DE 14) is **GRANTED** for lack of standing, without prejudice. A separate order will issue.

Dated: December 22, 2021

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

---

[6]   Browne cites several cases from this district suggesting an indirect route to a cause of action. Those cases held that plaintiffs were able to state claims under the federal Fair Debt Collection Practices Act ("FDCPA") based on collection activities of debt collectors who were not licensed under the CFLA. (Opp. at 12 (citing, e.g., *Tompkins v. Selip & Stylianou, LLP*, 2019 WL 522143, at *2 (D.N.J. Feb. 11, 2019)).) In those cases, it was the FDCPA, not the CFLA, that provided standing and a private right of action. No cause of action under the FDCPA has been pled here. I therefore do not address whether the logic that allowed the CFLA/FDCPA cases to survive a motion to dismiss could also apply to a CFLA/CFA claim, if one were pled.