# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LESROY E. BROWNE, on behalf of himself and those similarly situated,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**NATIONAL COLLEGIATE STUDENT LOAN TRUST; and JOHN DOES 1 to 15,**<br><br>　　Defendants. | Civ. No. 21-11871 (KM) (JSA)<br><br>**OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

In 2007, Lesroy E. Browne cosigned a student loan from JP Morgan Chase. That loan was paid in full in 2020. At some point before the loan was repaid, it was transferred from the originator to a trust. Browne brought a putative class action against National Collegiate Student Loan Trust ("NCSLT"), seeking a declaration that the Trust was not licensed to collect debts in New Jersey and that his loan payments for several years should therefore be refunded, and treble damages paid. I dismissed his suit and found that Browne did not suffer a concrete injury and thus did not have standing to bring the suit. (DE 38.)[1] That dismissal was entered without prejudice to amendment, but Browne declined to amend his complaint. Instead, he moves to have his case remanded to state court where it was first filed and to strike the portion of the opinion that discussed a private right of action under New Jersey's

---

[1]　Certain citations to the record are abbreviated as follows:

　　DE = docket entry number in this case

　　Mot. = Browne's motion to Alter Judgment and to Strike (DE 40)

　　Opp. = Plaintiff's brief in opposition Browne's motion to Alter Judgment and to Strike (DE 41)

Consumer Finance Licensing Act ("CFLA"). For the following reasons, Browne's motion is **GRANTED in part and DENIED in part**.

A more detailed factual background can be found in my prior opinion dismissing the suit on standing grounds. (DE 38.) In that opinion, I held that the Supreme Court's recent standing cases compelled me to dismiss the case because Browne had not alleged that he suffered a concrete injury. (*Id.* at 5-6.) Because the dismissal was jurisdictional, and because it might be possible for Browne to amend his complaint to properly allege standing, the dismissal was entered without prejudice. (*Id.* at 7.) Not wishing to leave the parties in the dark, and to guide any potential amendment, I discussed briefly in the alternative the issue of whether New Jersey's Consumer Finance Licensing Act ("CFLA") contains a private right of action. I wrote that it does not. (*Id.* at 6-7.)

Browne, however, has chosen to stand on his original complaint and has declined to amend. Instead, he moves to alter the judgment under Federal Rule of Civil Procedure 59(e) and remand this case to the New Jersey Superior Court, Law Division, Hudson County, where it was originally filed. (Mot. at 4.) Browne also requests, without argument, that I strike the CFLA section of the opinion. (*Id.*) NCSLT opposes the motion and argues that I should not disturb the opinion in any way. (Opp at 8.)

The standards on a motion for reconsideration, including a motion to alter judgment, are well-settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

Browne's decision to forgo a motion to amend has left the matter in *status quo ante,* without subject matter jurisdiction. The removal statute makes clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447 (emphasis added). What is more, "remand is not a discretionary decision on the part of the Court; it is mandatory under 28 U.S.C. § 1447(c) even if remanding the case to state court may be futile." *Brahamsha v. Supercell OY*, No. CV 16-8440, 2017 WL 3037382, at *3 (D.N.J. July 17, 2017) (citing *Bromwell v. Michigan Mutual Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997)). NCSLT argues that there is no basis for remand, but fails to discuss the clear requirement of remand contained in the removal statute. (Opp. at 3-5.) I thus agree with Browne that remand is the proper solution.

There is not, however, any reason to strike any portion of the prior opinion. As the opinion itself made clear, the discussion of a private right of action under the CFLA was dictum. It formed, and forms, no part of the court's judgment. Although the reason for including it has now become moot, there was good reason for its inclusion at the time. I agree that it currently lacks precedential force, but Browne's motion to rewrite history by striking it is denied.

## CONCLUSION

Plaintiff's motion to alter judgement and strike (DE 40) is GRANTED in part and DENIED in part. Specifically, the motion to alter judgment is GRANTED and the motion to strike is DENIED, and the case is REMANDED to the New Jersey Superior Court, Law Division, Hudson County.

Dated: February 16, 2022

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**